# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELISHA RIGGLEMAN,**

    Petitioner,

v.                                                     CIVIL ACTION NO. 2:04CV80
                                                          (Judge Maxwell)

**STATE OF WEST VIRGINIA,
DEPARTMENT OF CORRECTIONS,**

    Respondent.

## REPORT AND RECOMMENDATION

On October 21, 2004, the *pro se* petitioner, Elisha Riggleman, an inmate at the Huttonsville Correctional Center, filed a Motion Under §2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §2254 or §2255.[1]

Previously, on May 23, 2002, the petitioner had filed a §2254 petition regarding his March 2001 conviction for transferring stolen property which was dismissed as being premature because the petitioner had a pending Motion for Reconsideration in the Circuit Court of Hardy County and he had not exhausted his state judicial remedies. (Case no. 2:02cv40).

28 U.S.C. §2244 (b) provides as follows regarding successive petitions:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
  (A) the applicant shows that the claim relies on a new rule of constitutional law,

---

[1] This motion was docketed as a §2254 petition. However, the undersigned finds that the motion cannot be treated as a §2254 petition because the petitioner does not set forth any grounds for relief.

1

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Moreover, pursuant to 28 U.S.C. §2244(b)(3), prior to filing a successive motion with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first § 2254 petition regarding his conviction for receipt of stolen property was not denied and dismissed on the merits. Thus, there is no issue of successive petition. Therefore, it is recommended that the petitioner's Motion Under §2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §2254 or §2255 be denied.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[2]

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

2

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: January 20, 2005

JOHN S. KAULL
**UNITED STATES MAGISTRATE JUDGE**