# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ELISHA RIGGLEMAN,**

      **Petitioner,**

**vs.**                                        **Civil Action No. 2:04 CV 80**
                                                     **(Maxwell)**

**STATE OF WEST VIRGINIA,**
**DEPARTMENT OF CORRECTIONS,**

      **Respondent.**

## ORDER

It will be remembered that the above-styled civil action was instituted on October 21, 2004, when *pro se* Petitioner, Elisha Riggleman, an inmate at St. Mary's Correctional Center[1] in St. Mary's, West Virginia, filed a Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255.

It will further be remembered that, because the Petitioner's Motion was docketed as a § 2254 Petition[2], the above-styled civil action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation, pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant To 28

---

[1]It will be remembered that the Petitioner was an inmate at Huttonsville Correctional Center in Huttonsville, West Virginia, when the above-styled civil action was instituted on October 21, 2004, but that a Notice of Change of Address indicating that the Petitioner is now confined at St. Mary's Correctional Center was received and filed herein by the Clerk of Court on March 22, 2005.

[2]It should be noted that Magistrate Judge Kaull concluded in his January 20, 2005, Report And Recommendation that the Petitioner's Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255 could not be treated as a § 2254 Petition because the Petitioner had not set forth any grounds for relief.

U.S.C. § 2254 (Standing Order No. 5).

On January 20, 2005, United States Magistrate Judge John S. Kaull filed a Report And Recommendation in the above-styled civil action, wherein he recommended that the Petitioner's Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255 be denied in light of the fact that there was not an issue of successive petitions. In this regard, it will be remembered that on May 23, 2002, the Petitioner had filed a § 2254 Petition regarding his March 2001, conviction for transferring stolen property and that this Petition had been dismissed by this Court as being premature because the Petitioner had a Motion for Reconsideration pending in the Circuit Court of Hardy County and had not exhausted his state judicial remedies (*See* Civil Action No. 2:02 CV 40). After noting that in order for a petition to be considered successive the first petition must have been dismissed on the merits, Magistrate Judge Kaull concluded that there could be no issue of successive petitions in the matter now before the Court since the Petitioner's May 23, 2002, Petition had not been denied and dismissed on the merits.

Magistrate Judge Kaull's Report and Recommendation expressly advised the Petitioner, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Report And Recommendation within ten days after being served with a copy of the same.

The record herein reflects that on January 25, 2005, the Petitioner filed an Objection To Recomendation (*sic*) Order.

Upon examination of Magistrate Judge Kaull's Report And Recommendation, it appears to the Court that the issues raised by the Petitioner in his Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for

Relief Under 28 U.S.C. § 2254 or § 2255 were thoroughly considered by Magistrate Judge Kaull in his Report And Recommendation. Furthermore, upon consideration of the Petitioner's objections to said Report And Recommendation, it appears to the Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in said Report And Recommendation. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Therefore, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on January 20, 2005 (Docket No. 10), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255 Respondent's Motion To Dismiss (Docket No. 1), be, and the same is hereby, **DENIED**.

In light of the entry of this Order and the denial of the Petitioner's Motion Under § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255, it is further

**ORDERED** that the following Motions be, and the same are hereby, **DENIED** as **MOOT**:

1. Motion To Appoint Counsel (Docket No. 3);

2. Motion To expidite (*sic*) (Docket No. 13);

3.    Motion of Default of judgment (Docket No. 14); and

4.    Motion for Hearing (Docket No. 15).

It is further

**ORDERED** that should the Petitioner desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within thirty (30) days

from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal

Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the

$250.00 docketing fee should also be submitted with the notice of appeal.  In the

alternative, at the time the notice of appeal is submitted, the Petitioner may, in

accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of

Appeals For The Fourth Circuit.

ENTER: September  30 , 2005

_____/S/ Robert E. Maxwell_____
United States District Judge