IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELISHA RIGGLEMAN,

        Petitioner,

v.                                      CIVIL ACTION NO. 2:04cv80
                                              (Judge Maxwell)

WILLIAM HAINES,

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

**I. Introduction**

On April 18, 2006, Elisha Riggleman [hereinafter referred to as "petitioner"], a state inmate at the Huttonsville Correctional Center, filed a *pro se* amended petition under the provisions of 28 U.S.C. §2254.[1]  By order entered on April 21, 2006, William Haines [hereinafter referred to as "respondent"], was ordered to answer the amended petition.  On June 28, 2006, the respondent filed a motion for summary judgment and motion to dismiss.  Thereafter, on July 5, 2006, the petitioner filed a reply and on August 22, 2006, he filed a motion for judgment.

---

[1] On October 21, 2004, the petitioner filed a motion which the court eventually construed as request for authorization to file a second or successive motion for relief under §2254.  The motion was denied, and the petitioner appealed.  On April 5, 2006, the United States Court of Appeals for the Fourth Circuit vacated the District's Court's dismissal and remanded the matter with instructions that the October 21, 2004 filing be construed as a §2254 petition.  In addition, the order directed that the District Court could provide the petitioner with the form for filing a § 2254 petition, and if the petitioner submitted the form it should be construed as an amended § 2254 petition and for purposes of the one year limitation's rule should be considered filed as of the date of the original petition.  Accordingly, the petitioner's amended petition must be considered filed as of October 21, 2004, and is timely within the constraints of AEDPA.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 2), LR PL P 83.13.

**II. Factual Background**

On October 21, 2001, a Hardy County Grand Jury returned an indictment charging the petitioner with one count of receiving stolen goods, one count of transferring stolen goods, one count of accessory after the fact to burglary, and one count of breaking and entering. (Doc. 49-2) On November 12, 2001, the Petitioner pleaded guilty to transferring stolen property as charged in Count Two of the indictment. (Doc. 49-3)

On January 31, 2002, the Petitioner moved to withdraw his guilty plea. (Doc. 49-4) In support of his motion, the petitioner claimed that he had evidence proving that the value of the stolen merchandise did not exceed $1,000.00.[2] The evidence constituted a letter from an insurance adjuster to defense counsel claiming that the goods were worth $973.00. (Doc. 49-5) The petitioner alleges that counsel did not send him a copy of the letter and did not discuss the possibility of asserting a defense based on the value of the property. (Doc. 49-6) On February 5, 2002, petitioner's newly appointed counsel filed a second motion to withdraw the guilty plea asserting the same grounds as the first and adding a claim of ineffective assistance of counsel. (Doc. 49-7) By order entered March 15, 2002, the trial court rejected the petitioner's motions and sentenced him to not less than one nor more than ten years. (Doc. 49-8)

---

[2]Under West Virginia Law, a person stealing goods worth more than $1,000.00 is guilty of grand larceny, a felony. Petit larceny is a misdemeanor. See W.Va. Code, § 61-3-13. A person who knowingly receives stolen goods "shall be deemed guilty of the larceny thereof." See W.Va. Code, § 61-3-18.

2

The petitioner filed a *pro se* Rule 35(b) motion with the trial court on March 26, 2002, again alleging the same grounds asserted in his motions to withdraw his guilty plea. (Doc. 49-9) The petitioner referred to the motion as "Reduction or Reconsideration Rule 35(b)" and attached a copy of his January 31, 2002, motion to withdraw his guilty plea. The court held a status hearing on May 21, 2002, and by order entered the same day, requested both parties to submit briefs on the implications of a recently issued West Virginia Supreme Court decision[3]. (Doc. 49-10) Following a hearing on July 5, 2002, and consideration of the briefs, the court entered an order on July 10, 2002, finding that the indictment was not defective. (Doc. 49-11)

By order and supplemental orders dated November 1, 2002, the court reduced the petitioner's sentence to probation under the terms and conditions set forth in the supplemental sentencing order. (Doc. 49-13). The petition remained on probation for 141 days. However, by order entered April 24, 2003, the trial court revoked the petitioner's probation after he admitted to smoking marijuana. The court imposed the original sentence with credit for the time the petitioner had served in jail but not for the time served on probation. (Doc. 49-14) The petitioner remains in the custody of the West Virginia Division of Corrections.[4] He never filed a direct appeal with the West Virginia Supreme Court of Appeals.

---

[3] In its decision, the state supreme court held that an indictment for larceny must identify the specific items which the state alleges were stolen in order to pass constitutional muster. State ex. Rel Day v. Silver. 556 S.E.2d 820, 825 (W.Va. 2001).

[4] On December 16, 2004, the petitioner pleaded guilty to a single-count indictment in the United States District Court for the Southern District of West Virginia in Criminal Action 2:04cr48-1, for violation of 18 U.S.C. § 876c, charging him with mailing threatening communications. He was sentenced to a term of 18 months, to run consecutively with his undischarged state sentence. He was additionally sentenced to a term of supervised release for three years upon his release from his sentence.

The petitioner filed a state habeas corpus petition on May 8, 2003. (Doc. 49-16) In it, he asserted four grounds for relief:

1.  He was entitled to withdraw his plea before the Circuit Court of Hardy County pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure;

2.  The indictment was defective since it was not based upon the actual fair market of the property in issue;

3.  The indictment and underlying investigation should have been dismissed based upon lack of jurisdiction of the Moorefield City Police Department in the investigation;

4.  Ineffective assistance of counsel.

By order entered January 5, 2004, the Circuit Court of Hardy County denied the petition. (Doc 49-17)

On April 20, 2004, the petitioner, by counsel, filed a petition for appeal with the West Virginia Supreme Court of Appeals. (Doc. 49-18) The appeal assigned the following errors:

1.  Ineffective assistance of counsel;

2.  Trial court erred by refusing to allow the petitioner to withdraw his guilty plea; and

3.  Defective indictment - value of property as presented not based on true market value of property.

The West Virginia Supreme Court of Appeals refused the petition for habeas appeal by order entered September 30, 2004. (Doc. 30-13)

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises four grounds for relief. First, he alleges that the state court erred by refusing to allow him to withdraw his guilty plea. Second, he alleges that the indictment that was returned against him was defective in that it was based upon a value that did not accurately reflect the market value of the stolen property. Third, the petitioner

4

appears to allege that the indictment and underlying investigation were defective because the Moorefield City Police Department did not have jurisdiction in this matter. Finally, the petitioner alleges that his court appointed counsel was ineffective.

## IV. Respondent's Motion To Dismiss

The respondent argues that:

1.  The State Court's decision not to allow the petitioner to withdraw his guilty plea involves a state court interpretation of a state statute and is not cognizable herein.

2.  The petitioner's claim that the indictment returned against him is invalid is not cognizable because there is no federal constitutional right to a grand jury indictment for a state offense.

3.  The petitioner's claim that the investigating officers exceeded their territorial jurisdiction thus rendering the indictment defective is without merit because again there is no federal constitutional right to a grand jury indictment for a state offense.

4.  The petitioner received constitutionally effective assistance of counsel.

Accordingly, the respondent argues that summary judgment is appropriate.

## V. Analysis

## A. Standard of Review for Motion for Summary Judgment

In determining whether to grant a motion for summary judgment, Rule 56c of the Federal Rules of Civil Procedure, makes it clear that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the moving party; for, it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, in that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

As discussed below, I recommend that respondent's motion for summary judgment be granted because the state court's adjudication was not contrary to or an unreasonable application of federal law, and the petitioner has not set forth any valid claims.

**B. Standard of Review for §2254 Petitions**

28 U.S.C. §2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. §2254(b)(1)(A), but "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2).

6

The Court notes that the respondent has exhausted his state judicial remedies. Thus, the Court may consider the substantive merits of the petition. However, this court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding.

28 U.S.C. §2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

Our Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). However, the court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

7

Further, "[t]o establish that habeas relief is warranted on the §2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' a petitioner must rebut by clear and convincing evidence the §2254(e)(1) presumption that a state court's factual findings are correct."[5] Foster v. Johnson, 293 F. 3d 766, 776 (5th Cir. 2002), cert. denied, __U.S.__, 123 S. Ct. 625 (2002).

The petitioner fails to demonstrate that the state court arrived at a conclusion opposite to that reached by the United States Supreme Court with respect to any of his claims. Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims to uphold his conviction. For these reasons, petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254. Even assuming *arguendo* that the petitioner could satisfy either of the prongs set forth in Williams, his §2254 claims still would fail as discussed below.

## C. Petitioner Is Entitled To No Relief Due To State Court's Refusal To Allow Him To Withdraw His Guilty Plea

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176 F.2d 249, 262 (4th Cir. 1999) ("Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review.").

---

[5]28 U.S.C. §2254 (e)(1) provides as follows:
In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Petitioner's motion to withdraw his guilty plea was filed under West Virginia Criminal Procedure Rule 32(e).  The circuit court gave the petitioner a full evidentiary hearing and ruled that the petitioner had not demonstrated any grounds for relief, and therefore, denied the motion.  The petitioner makes no claim of any constitutional violation but merely asserts that the stolen property was not worth $1,000.00, a claim which has been fully litigated in the state court proceedings and found to be without merit.  Therefore, because an alleged violation of state law cannot form the basis for a § 2254 petition, this ground of the petition should be dismissed for failure to state a claim upon which relief can be granted.

**D.  Petitioner is Entitled to No Relief for his Claim that the Stolen Property Might be Worth Less than $1,000.00**

The petitioner alleges that because there was some evidence that the stolen property was worth less than the threshold amount of $1,000.00, the indictment returned against him is invalid.  However, claims that a grand jury proceeding were defective do not warrant § 2254 relief because there is no federal constitutional right to a grand jury indictment for a state offense.  Hurtado v. California, 110 U.S. 516 (1884); Keely v. Peyton, 420 F.2d 912 (4th Cir. 1969).  Furthermore, the petitioner's guilty plea cured any possible deficiencies in the grand jury proceedings.  See Lloyd v. Walker, 771 F. Supp. 570, 576-577 (E.D. N.Y. 1991)("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to the indictment...is rendered harmless, and is not a cognizable claim in federal habeas corpus.")  Accordingly, the petitioner's second allegation also should be dismissed for failure to state a claim upon which relief can be granted.

**E.  Petitioner is Entitled to No Relief for his Claim that the Investigating Officers exceeded Their Territorial Jurisdiction.**

The petitioner alleges that Rig, West Virginia is six miles outside the city limits of Moorefield, West Virginia. Accordingly, the plaintiff argues that because the crime was not convicted in the presence of the city police, nor were the police in hot pursuit, their investigation of the crime renders the indictment invalid. Again, claims of defects in grand jury proceedings do not warrant § 2254 relief, because there is no federal constitutional right to a grand jury indictment for a state offense. Hurto, supra; Keeley, supra. Furthermore, because this claim was not addressed in the petitioner's appeal of his state habeas corpus petition, this claim has been waived.[6] Thus, this allegation should also be dismissed for failure to state a claim upon which relief can be granted.

**F. Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit**

In reviewing Sixth Amendment claims based on ineffective assistance of counsel, the presumption is that counsel rendered effective assistance, and the burden is on the petitioner to establish a constitutional violation. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

The proper standard for attorney performance is that of reasonably effective assistance. Id. In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result

---

[6]The appeal petition contained the following language: "For purposes of this appeal the petitioner will not be raising the ground that the Moorefield City Police Department exceeded its jurisdiction in investigating the instant case."

of the proceeding would have been different. Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992 ), cert. denied, 506 U.S. 885 (1992).

As with his other claims, the essence of the petitioner's claim of ineffective assistance of counsel is based upon his claim that there was evidence to suggest that the value of the property was less than the threshold value of $1,000.00. However, this evidence was known to the plaintiff at the time he entered his guilty plea on November 9, 2001. As the state habeas court found:

> At the time of Mr. Riggleman's plea hearing on the (sic) November 12, 2001, his counsel Larry Sherman placed on the record what he called his client's "defenses" to the State's charges in an effort to protect the record should Mr. Riggleman later decide to file a habeas petition. Mr. Sherman stated that he had reviewed the defenses previously with his client - a fact which Mr. Riggleman confirmed under oath. Among the various defenses was the issue of the value of the property (silverware) as it relates to a felony charge versus a misdemeanor charge. Mr. Sherman asserted he had an expert, Larry Peters, evaluate the property and based on his report the value of the silverware was $973.02, just barely below the threshold requirement for a felony offense. Mr. Sherman stated that although the amount was less than the $1,000.00 amount required for a felony conviction, he had reviewed with his client that ultimately it would be up to a jury to determine the value of the property, and based on the October 24, 2001, appraisal of E.L. Puffenberger, valuing the silverware at $1,900.00, as well as the actual price paid for the silverware by the owner of $1,995.00, this was frankly a stronger case for the State and Mr. Riggleman could be convicted on all charges against him in the indictment if the matter went to the jury.

(Doc. 49-17, p. 3).

In addition, the state habeas court noted that petitioner's counsel had communicated with the petitioner by letter dated November 8, 2001, in which he discussed the matter of the State's plea agreement, as well as the findings of Larry Peters and the potential implications of proceeding to trial. (Doc. 49-17, p. 6). Furthermore, the state habeas court noted that although his counsel never mailed him an actual copy of the final appraisal, he sat with him on November 9, 2001, and

discussed the matter with him in detail. (Doc. 49-17, p 6). Accordingly, the state habeas court concluded that:

> This Court is not persuaded that Mr. Riggleman was unaware of the charges and the consequences of his plea. In fact, the Court finds that Mr. Riggleman was made aware of the discrepancy in the value of the silverware as appraised by both Mr. Peters and Mr. Puffenberger on November 9, 2001, and chose to enter his plea on November 12, 2001, both willingly and voluntarily, without any form of coercion or inducement.

(Doc. 49-17, pp. 6-7)

In evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 75-75 (1977). In his petition to enter his plea of guilty, the petitioner noted that his lawyer had "informed, counseled and advised me at length as to the nature of the charges against me as set forth in the indictment and as to any possible defenses I might have in this case." (Doc. 49-3, p. 2) In addition, the petitioner stated that he believed "that my lawyer has done all anyone could do to counsel and assist me, and that there is nothing about the proceedings in this case against me which I do not fully understand." (Doc. 49-3, p. 6) Furthermore, the longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternate courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52 (1985). Here, it is clear that defense counsel investigated possible defenses to the indictment, advised his client as to those defenses, and ultimately, the petitioner made a knowing and intelligent election to plead guilty even though there was some evidence that, if presented to a jury, might have led to a not guilty verdict on the issue of felony transfer of stolen goods. Clearly, the petitioner has made no showing that his counsel's performance fell below an

objective standard of reasonableness. Accordingly, the petitioner's allegation of ineffective assistance of counsel also fails to state a claim upon which relief can be granted.

## VI. RECOMMENDATION

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion for summary judgment (Doc. 43), **DENYING WITH PREJUDICE** the petitioner's amended petition (Doc. 30) and motion for judgment (Doc. 47) and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to transmit copies of this Recommendation to the pro se petitioner and any counsel of record.

Dated: October 19, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE